1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **CENTRAL DISTRICT OF CALIFORNIA**
10
11  FERNANDO ROMERO,                    Case No. CV 14-05405 ODW (AFM)
12                  Petitioner,
                                        **ORDER REQUIRING RESPONSE**
13       v.                             **TO FIRST AMENDED PETITION**
                                        **(28 U.S.C. § 2254)**
14  NEIL McDOWELL, Warden,
15                  Respondent.
16
17
18          Petitioner, a state prisoner currently incarcerated at Ironwood State Prison,
19  filed a Petition for Writ of Habeas Corpus by a Person in State Custody (28 U.S.C.
20  § 2254) on July 11, 2014.  The Petition was a "mixed" petition because it contained
21  both exhausted and unexhausted claims.  Along with the Petition, petitioner filed a
22  "Motion for *Rhines* stay."
23          On December 8, 2014, respondent filed an Opposition to the *Rhines* stay and
24  a Motion to Dismiss the Petition as a mixed petition.  On February 20, 2015, the
25  previously-assigned Magistrate Judge denied the *Rhines* stay and granted the
26  Motion to Dismiss, but permitted petitioner to proceed under the stay-and-abeyance
27  procedure of *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other*
28  *grounds by Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007).

On July 20, 2015, this case was transferred to the calendar of the undersigned Magistrate Judge.

On January 13, 2016, the California Supreme Court denied petitioner's habeas petition. *See Porter v. Ollison*, 620 F.3d 952, 954-55 (9th Cir. 2010) (noting that federal courts may take judicial notice of state court dockets, including those on the internet).

On February 5, 2016, petitioner purported to file a First Amended Petition that raised eight grounds for federal habeas relief.  But petitioner did not have the right to file the First Amended Petition as a matter of course.  Rather, under Federal Rule of Civil Procedure 15(a)(2), petitioner could file the First Amended Petition "only with the opposing party's written consent or the court's leave."  Petitioner did not obtain respondent's written consent or the Court's leave before filing the First Amended Petition.  Nonetheless, the Court grants petitioner leave to file the First Amended Petition.

It is **THEREFORE ORDERED** as follows:

1.    The Clerk of this Court shall promptly (a) serve electronic copies of the First Amended Petition and an electronic copy of this Order on Respondent, the Attorney General for the State of California or his authorized agent, and (b) serve a copy of this Order on Petitioner.

2.    If respondent contends that the First Amended Petition can be decided without the Court's reaching the merits of petitioner's claims (*e.g.*, because respondent contends that petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the First Amended Petition, or that the First Amended Petition is barred by the statute of limitations, or that a claim is procedurally defaulted, or that the First Amended Petition is subject to dismissal under Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts), respondent shall file a Motion to Dismiss within thirty (30) days of the date of this Order.  The Motion to Dismiss shall not address the merits of

petitioner's claims, but rather shall be confined to the basis for respondent's contention that dismissal without reaching the merits of petitioner's claims is warranted.[1]   At the time the Motion to Dismiss is filed, respondent shall electronically lodge with the Court all records bearing on respondent's contention in this regard.  *See* Local Rule 5-1.  The Court may issue a subsequent order for the lodging of a paper copy of a lodgment if the lodgment is not usable in its electronic format.

3.     If respondent files a Motion to Dismiss, petitioner shall file his Opposition, if any, to the Motion within twenty (20) days of the date of service thereof.[2]  At the time the Opposition is filed, petitioner shall lodge with the Court any records not lodged by respondent which petitioner believes may be relevant to the Court's determination of the Motion.

4.     Unless the Court orders otherwise, respondent shall **not** file a Reply to petitioner's Opposition to a Motion to Dismiss.  If the Motion is denied, the Court will afford respondent adequate time to respond to petitioner's claims on the merits.

5.     If respondent does not contend that the First Amended Petition can be decided without the Court reaching the merits of petitioner's claims, respondent shall file and serve an Answer to the First Amended Petition within forty-five (45) days of the date of this Order.  At the time the Answer is filed, respondent shall electronically lodge with the Court all records bearing on the merits of petitioner's claims, including the briefs specified in Rule 5(d) of the Rules Governing Section 2254 Cases in the United States District Courts.  The Court may issue a subsequent order for the lodging of a paper copy of a lodgment if the lodgment is not usable in

---

[1]   If respondent contends that petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the First Amended Petition, the Motion to Dismiss also shall specify the state remedies still available to petitioner.

[2]   The date of service means the date respondent's certificate of service shows that the Motion to Dismiss or Answer was **mailed** to petitioner (or otherwise served upon petitioner).

its electronic format.  *See* Local Rule 5-1.  The Answer shall also specifically address the necessity for an evidentiary hearing to resolve any issue.

6.      Petitioner may file a single Reply responding to matters raised in the Answer within thirty (30) days of the date of service thereof.  Any Reply filed by petitioner (a) shall state whether petitioner admits or denies each allegation of fact contained in the Answer, (b) shall be limited to facts or arguments responsive to matters raised in the Answer, and (c) shall not raise new grounds for relief that were not asserted in the First Amended Petition.  Grounds for relief withheld until the Reply will not be considered.  No Reply shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

7.      A request for an evidentiary hearing must be made no later than the date that petitioner files his Reply to the Answer or, if discovery is requested, any request for an evidentiary hearing must be filed with the Court no later than **thirty days** after petitioner receives responses to discovery.  Petitioner is responsible for notifying the Court of his request for an evidentiary hearing in writing and this request must be timely made or it will be denied.

8.      A request by a party for an extension of time within which to file any of the pleadings required hereunder will be granted only upon a showing of good cause and should be made in advance of the due date of the pleading.  Any such request shall be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary and by a proposed form of order granting the requested extension.

9.      Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date petitioner's Opposition to a Motion to Dismiss or petitioner's Reply in support of the First Amended Petition is due.

10.      Every document filed in the Clerk's Office or delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not

represented by counsel).  Any document without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

11.   Petitioner shall immediately notify the Court and counsel for respondent of any change of petitioner's address.  If petitioner fails to keep the Court informed of where petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.  *See also* Local Rule 41-6.

DATED:  February 9, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE