# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO ROMERO,<br><br>          Petitioner,<br><br>    v.<br><br>CHARLES W. CALLAHAN, Warden,<br><br>          Respondent. | Case No. CV 14-05405-ODW (AFM)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

Petitioner's objections are overruled. With the exception of the following arguments, Petitioner's objections do not warrant discussion as they are properly addressed in the Report.

With regard to the coroner's estimated time of death, Petitioner complains that the Report addresses only Detective Muse's affidavit in support of a search warrant, but does not mention the affidavits of other police officers that also recited the coroner's alleged statement. (ECF No. 142 at 34.) As Petitioner indicates, Detective Muse was the officer to whom the coroner apparently provided his

opinion. (*See* ECF No. 142 at 30-31.) Petitioner's claims that the time of death was not accurately reflected by the stipulation and that he is actually innocent are based upon the coroner's alleged statement to Detective Muse. The Report thoroughly addressed the coroner's alleged statement. (*See* ECF No. 137 at 41-46.) The existence of affidavits from other officers who reiterated the same information about the coroner's estimate – apparently adopting it from Detective Muse – does not alter the Court's analysis of the admissibility or evidentiary value of the coroner's alleged estimate. Contrary to Petitioner's suggestion, the fact that a hearsay statement is copied and repeated by others does not affect the admissibility or reliability of the statement.

Petitioner also objects to the Report's finding that he failed to show prejudice because he did not point to any admissible exculpatory evidence regarding the time of death. Specifically, Petitioner complains that counsel was not appointed to assist him in gathering such evidence. (ECF No. 142 at 44-45.) As the Report indicates, however, the California Superior Court appointed counsel for Petitioner with respect to his claims regarding Detective Muse's affidavit and the coroner's estimate of the time of death. After further proceedings, the Superior Court made factual findings to which this Court must defer. (*See* ECF No. 134 at 41-42, 45.) Furthermore, because Petitioner's claims are governed by AEDPA, this Court may not consider new evidence on claims adjudicated on the merits by the state court unless the standard set forth in 28 U.S.C § 2254(d) is satisfied. *See Cullen v. Pinholster*, 563 U.S. 170 180-187 (2011). As explained in the Report, Petitioner has not satisfied that standard. Consequently, the Court could not consider any evidence regarding the time of death that had not already been presented to the state court.

The Court accepts the findings and recommendations of the Magistrate Judge. IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; (2) Petitioner's request for an evidentiary

///

///

hearing is denied; and (3) Judgment shall be entered denying the Petition and dismissing the action with prejudice.

DATED: October 22, 2018

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE